IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ADAN ROBA NURA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-111-Z-BR |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Tyson Foods, Inc.'s ("Tyson") motion to dismiss. (ECF No. 31). Plaintiff Adan Roba Nura ("Nura") filed a response (ECF No. 33), to which Tyson replied (ECF No. 34). For the reasons explained below, the Court recommends that the motion to dismiss be GRANTED.

**I. BACKGROUND**

On April 26, 2019, Nura filed a complaint against Tyson alleging employment discrimination based on race and national origin and employment retaliation claims under Title VII. (ECF No. 3). On May 21, 2019, Nura filed a second amended complaint in response to the Court's deficiency notice. (ECF No. 16). In this pleading, Nura states that Tyson failed to promote him to positions for which he applied and was qualified based on his nationality and/or race, and instead promoted individuals of "latino" origin. Additionally, Nura checked boxes on his complaint form[1] indicating he was terminated from his employment as a result of retaliation, although these facts are not detailed by Nura in the amended complaint.

---

[1] Nura used the form Pro Se 7 (Rev. 12/16) "Complaint for Employment Discrimination" to bring his claims, and such form contains various "check boxes" for the type of alleged discriminatory conduct.

On September 4, 2019, Tyson filed its Motion to Dismiss and brief in support. (ECF No. 31). Tyson argues Nura's claims should be dismissed because Nura's complaint cannot satisfy the Federal Rule of Civil Procedure 12(b)(6) standard to state a claim under Title VII.

## II. **STANDARD OF REVIEW**

Rule 12(b)(6) provides that a defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement provides opposing parties "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 Fed. Appx. 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11.

When ruling on a Rule 12(b)(6) motion, courts generally examine only the contents of the pleadings and any attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, the courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). In addition, they "draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss." *Ruiz v. Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Twombly*, 550 U.S. at 556 (citation omitted). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated succinctly, to survive dismissal under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678 (citations omitted). The alleged facts must "nudge" an asserted claim "across the line from conceivable to plausible" to avoid dismissal under Rule 12(b)(6). *Twombly*, 550 U.S. at 570. Courts do not focus on whether the non-movant will ultimately prevail; they instead focus on whether that party should be permitted to present evidence to support adequately asserted claims. *Id*. at 563 n.8. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

### III. ANALYSIS

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To maintain a claim of disparate treatment discrimination, a plaintiff must either offer direct evidence of discrimination or utilize the indirect method of proof set forth by the United States Supreme Court in *McDonnell Douglas*. *See Taylor v. Principal Fin. Group, Inc*., 93 F.3d 155, 162 (5th Cir. 1996) (referencing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *Daigle v. Liberty Life Ins. Co*., 70 F.3d 394, 396 (5th Cir. 1995). "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus. Inc*., 5 F.3d 955, 958 (5th Cir. 1993). For a statement to suffice as direct evidence of discrimination, the statement must directly suggest the existence of bias and must not be subject to interpretation as anything other than a reflection of bias. *See Mooney v. Aramco Svcs. Co*., 54 F.3d 1207, 1217 (5th Cir. 1995) (citing *Davis v. Chevron U.S.A. Inc*., 14 F.3d 1082, 1085 (5th Cir. 1994)); *see also Maestas v. Apple, Inc*., 546 Fed. Appx. 422, 427-28 (5th Cir. 2013).

Under the indirect method of proof, set forth in *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination with allegations and proof that the plaintiff

"(1) is a member of a protected class;

(2) was qualified for the position;

(3) suffered an adverse employment action; and

   (4) was treated less favorably than those outside the protected class.

*Okoye v. Univ. of Texas Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001); *Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir. 1999). Once a prima facie case has been established, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. *See McDonnell Douglas*, 411 U.S. at 802. "The defendant's burden during this second step is satisfied by producing evidence, which, 'taken as true, would permit the conclusion that there was a nondiscriminatory reason' " for the defendant's adverse employment decision. *Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993) (emphasis in original)). If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish that the reason proffered by the employer is merely a pretext for discrimination. *Id*.; *McDonnell Douglas*, 411 U.S. at 802-803. To demonstrate a "pretext for discrimination" the plaintiff must show both that the employer's proffered reason was false, that is, not its true reason, or that the reason is "unworthy of credence". *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 143 (2000).

  Nura has not alleged any facts that would support a claim of disparate treatment race discrimination under either the direct or indirect method of proof. Nura has not alleged any facts that "would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." In addition, Nura has not alleged facts that would support a prima facie case of discrimination under *McDonnell Douglas*. Nura did allege in his complaint that he is a member of a protected class, that he was qualified for the position(s) he applied for, and that the position was filled by someone outside his protected class/nationality. However, Nura did not allege what position(s) he applied for—he did not mention whether these position(s) were promotions or detail

5

any of the job descriptions or requirements. In addition, other than vague references to the hiring of "latinos," Nura did not include any facts about the person or persons who were hired for the position(s) he sought. Thus, Nura has failed to state a claim for disparate treatment under Title VII.

Nura does not specifically argue that the position(s) he sought were "promotions," so it is difficult to determine that Nura is alleging a failure-to-promote claim under Title VII. However, to any extent he brings such a claim, he has failed to state a claim upon which relief can be granted. "In order to establish a prima facie case of a discriminatory failure to promote, the plaintiff must show that:

"(1) [he] was within a protected class;

(2) [he] was qualified for the position sought;

(3) [he] was not promoted; and

(4) the position was filled by someone outside the protected class.

*Mcdonald v. Entergy Operations, Inc.*, 75 Fed. Appx. 279, 280 (5th Cir. 2004) (citing *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 258, 468 (5th Cir. 2001)). The Court finds Nura has not stated a prima facie case that sets forth sufficient non-conclusory facts in support of such a claim. First, Nura has provided no details of the job positions for which he applied, nor has he even provided a description of what job position he already held with Tyson. Further, he fails to even allege such positions were promotions and provides no information about the individuals hired for the position(s) he sought.

Nura also claims that Tyson retaliated against him by terminating his employment, in violation of Title VII. *See* 42 U.S.C. § 2000e–3. To establish a prima facie case of retaliation, Nura must show that:

"(1) he participated in an activity protected by Title VII;

6

(2) his employer took an adverse employment action against him; and

(3) a causal connection exists between the protected activity and the materially adverse action."

*Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007)). "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate … non-retaliatory reason for its employment action." *Aryain*, 534 F.3d at 484. If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason. *Id*.

Nura fails to provide any factual allegations to support any of the three prongs of a prima facie case. Although Nura checked boxes indicating he was terminated from his employment in retaliation, he fails to discuss how he participated in Title VII activities or what, if any, specific actions Tyson took in direct response to that participation. Thus, Nura has failed to state a claim for retaliation under Title VII.

### IV.   LEAVE TO AMEND

"Ordinarily, 'a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.' … Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint." *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal punctuation omitted). Tyson's motion to dismiss apprised Nura of the insufficiency of his complaint. Although Nura filed a response to the motion to dismiss, he has not filed an amended complaint. Thus, as Nura has not availed himself of an opportunity to

amend after being apprised of the insufficiency of his allegations—and because the allegations might possibly be amended to raise a plausible cause of action—the Court recommends dismissal of this action without prejudice.

## V. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge Tyson's Motion to Dismiss (ECF No. 31) be GRANTED. In this District, plaintiffs are generally allowed at least one opportunity to cure pleading deficiencies if such deficiencies may be cured through amendment. *See Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc.*, No. 3:18-CV-0854-D, 2019 WL 175078, at *8 (N.D. Tex. Jan. 10, 2019).

Because Nura's claims against Tyson can potentially be cured through amendment, the undersigned recommends Nura's claims be dismissed without prejudice. Nura may either: (1) use the 14-day period for filing objections to file an amended complaint, in which case the undersigned will withdraw these Findings, Conclusions, and Recommendation, or (2) file objections to these Findings, Conclusions, and Recommendation. If Nura files an amended complaint, Tyson may move anew to dismiss if a new motion is warranted.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 14, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).